BATES MACH. CO. v. WM. A. FORCE & CO.

(Circuit Court of Appeals, Second Circuit. November 7, 1906.)

No. 163.

PATENTS—INFRINGEMENT—NUMBERING MACHINES.

The Bates patent, No. 676,084, for an improvement in typographic numbering machines, narrowly construed as required by the prior art, held not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Defendant's appeal from interlocutory decree of the United States Circuit Court for the Southern District of New York sustaining the validity of complainant's patent, No. 676,084, and granting an injunction and accounting. The opinion of the court below is reported in 145 Fed. 529.

Wm. E. Warland, for appellant.

Hubert Howson and Warren Wright, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The patent in suit is for a minor improvement in a typographic numbering machine, and every element comprised in the combinations of the claims in suit was old in the art, except the projecting arm on the plate with teeth engaging the gear teeth of the plunger device of claim 2, or "the extending arm with rack teeth" of claim 22. Counsel for complainant says:

"It is the projecting arm in the plate above, bridging and overhanging the intervening wall, that constitutes the new element of claim 2 not found in the prior art."

Complainant's plunger plate is "guided in its reciprocating movements by pins in holes or sockets." Defendant's plate is likewise guided by a pin extending vertically downwards and moving in a vertical slot in the stem of the plate. Such guiding pins are admittedly old. In defendant's machine another pin extends laterally from said vertical pin and engages with a notch in the arm of the pawl carrier. There are no gear teeth either on the pin or arm.

Defendant's device does not infringe the claims in suit, unless the laterally extending pin attached to said guiding pin and the notch in the pawl carrying arm are the equivalents of the two arms having gear teeth of the claims in suit. The court below found that the two forms of engagement were equivalents. We are of the opinion that in such a narrow patent, inasmuch as the patentee has specifically described, illustrated, and claimed, a construction calling for "gear teeth" meshing with other gear teeth, the doctrine of equivalents should not be extended to embrace defendant's pin and notch device.

Furthermore, the prior Rhinehart patent, No. 388,307, disclosed, in a typographic numbering machine, this identical combination of a pin extending laterally from the vertical support of a plate, guided in its up and down movement by a slot in the partition, and engaging with a notch in the pawl carrying arm. Therefore, if the pin and notch are equivalents of the gear teeth, there was no novelty in the substitution of the one for the other by the patentee. If they are not equivalents, there is no infringement. The defendant's so-called projecting arm is not one "bridging and overhanging the intervening wall" except as above shown.

But complainant argues as follows:

"Bates has secured a new result, namely, that of permitting the vertical removal of the plunger, the aim and purpose of the invention."

This would seem to be immaterial because we are not satisfied that any practical advantage is derived from such capacity for vertical removal; because means for permitting vertical removal were shown in the Bartusch and Haney machines of the prior art; because it is not contended that defendant's locking and unlocking device is an infringement of the claims in suit; because said claims do not call for a removable plunger; and, further, because given the Rhinehart closed slot it would be obvious to any mechanic to open the upper end if a device was to be used where vertical removal of the plunger was desired.

It is true that a patentee is entitled to all the beneficial uses of his real invention whether stated or not. But the fact that this patentee, while enumerating in his specifications some 12 advantages resulting from his improved construction, has not even hinted at or suggested any resulting capacity for vertical removal of the plunger, is very persuasive that this element, instead of being "the aim and purpose of the invention" of the patentee is rather the discovery of his expert.

The decree is reversed, with costs.